UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| EDWARD DONALD, <br><br> Petitioner, <br><br> vs. <br><br> WARDEN HUDGINS, F.P.C. YANKTON; <br><br> Respondent. | 4:18-CV-04017-KES <br><br> ORDER |

**INTRODUCTION**

This matter is before the court on the *pro se* petition of Edward Donald, a federal inmate at the Federal Prison Camp at Yankton, South Dakota. See Docket No. 1.[1] Mr. Donald alleges the federal Bureau of Prisons ("BOP") has failed to correctly calculate his sentence because it has improperly aggregated the judgment of conviction for the revocation of his supervised release for his 1999 federal criminal case (the Illinois conviction) and and the judgment of conviction for his 2010 federal criminal case (the Missouri conviction) Id. Mr. Donald argues that because the BOP has aggregated these two sentences, he has been improperly denied eligibility for the possibility of early release

---

[1] This court refers to documents filed in this, Mr. Donald's civil habeas action, as well as documents in his underlying 1999 and 2010 criminal cases out of Illinois and Missouri, respectively. Documents in this habeas action are referred to simply by citing the appropriate docket number in the court's docket. Documents from the underlying criminal cases will be cited to "CR" followed by the appropriate case and docket number.

through the Residential Drug Abuse Treatment Program (RDAP) provided for through 18 U.S.C. § 3621(e).  See  Mr. Donald's supporting memorandum, Docket 2, p. 3, ¶ 13.

Respondent now moves to dismiss Mr. Donald's petition, or in the alternative, for summary judgment, arguing Mr. Donald's two sentences were properly aggregated and that it has properly calculated Mr. Donald's sentence. See Docket No. 12.  This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

Mr. Donald is currently incarcerated at the Federal Prison Camp in Yankton, South Dakota.  He is serving an aggregated term of imprisonment, related to two judgments of conviction.

In 1999, Mr. Donald was sentenced in the United States District Court for the Southern District of Illinois with distribution and possession with intent to distribute cocaine base.  See 3:99CR30193-001 (S.D. Ill).  Mr. Donald was sentenced to 100 months' imprisonment and 4 years of supervised release on this conviction.  On January 5, 2007, Mr. Donald was released from imprisonment via good time release and began to serve his 4-year term of supervised release.

On April 22, 2010, Mr. Donald was arrested in Missouri for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and marijuana.  He was held in federal custody until he was sentenced on the

Missouri federal indictment (4:10-CR49-CDP (E.D. Mo.)). Mr. Donald was sentenced in the Missouri case on December 22, 2010. For the Missouri case, Mr. Donald was sentenced to 144 months' imprisonment and 5 years of supervised release.

Also as a result of his arrest and subsequent Missouri drug conviction, on January 11, 2011, Mr. Donald's supervised release from his Illinois conviction was formally revoked via a judgment of conviction for revocation of supervised release in 3:99CR30193-001 (S.D. Ill.). On this revocation, Mr. Donald was ordered to serve 24 months' imprisonment, to be served concurrently with the 144 months' imprisonment he was by then already serving on his Missouri conviction.

In this case, the respondent has submitted the affidavit of Deborah Colston, who is employed by the BOP as a Management Analyst at the Designation and Sentence Computation Center (DSCC) located in Grand Prairie, Texas. See Docket 15. Ms. Colston explains that Mr. Donald's 144-month sentence from the Missouri case and his 24-month sentence from the Illinois supervised release revocation have been aggregated, and that as a result, the 24-month sentence has been completely "absorbed" into the 144-month sentence. Id. at ¶ 16.

Ms. Colston has also explained that, as to his aggregated sentences, Mr. Donald has received credit for the time he spent in federal custody after his arrest on federal drug charges on April 22, 2010, until the date he began to serve his sentence on the Missouri conviction. Id. at ¶ 19. Ms. Colston has

also explained that, including good time credit, Mr. Donald's current projected release date is October 4, 2020.  Id. at ¶ 20.

Missing from Ms. Colston's affidavit, however, is any mention of the substance of the claim made in Mr. Donad's petition/memorandum—that the BOP has wrongfully denied him the opportunity to participate in RDAP, and that the reason the BOP has wrongfully denied him such an opportunity is that it has aggregated his "current" Missouri judgment of conviction with the judgment of conviction for his revocation of supervised release in the Illinois case.  This court, therefore, is unable to rule upon Mr. Donald's petition without further information from the respondent.

Therefore, it is ORDERED that Ms. Colston or some other individual on behalf of the respondent who has knowledge of the claims in Mr. Donald's petition and supporting memorandum shall, on or before July 31, 2018, submit an affidavit to this court:

1. Responding to Mr. Donald's claim that he has been wrongfully denied the opportnunity to participate in the RDAP program under 18 U.S.C. § 3621(e); and

2. Responding to Mr. Donald's claim that aggregating his sentences resulted in the wrongful denial of his ability to participate in RDAP under 18 U.S.C. § 3621(e).

DATED this 29th day of June, 2018.

BY THE COURT:

*Veronica L. Duffy*
VERONICA L. DUFFY
United States Magistrate Judge

4