UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| EDWARD DONALD,<br><br>                    Petitioner,<br><br>        vs.<br><br>WARDEN  HUDGINS, F.P.C.<br>YANKTON;<br><br>                    Respondent. | 4:18-CV-04017-KES<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

This matter is before the court on the *pro se* petition of Edward Donald, a federal inmate at the Federal Prison Camp at Yankton, South Dakota.  See Docket Nos. 1 & 2.[1]  Mr. Donald alleges the federal Bureau of Prisons ("BOP") has failed to correctly calculate his sentence because it has improperly aggregated the sentences contained in the judgments of conviction for the revocation of his supervised release for his 1999 federal criminal case (the

---

[1] This court refers to documents filed in this, Mr. Donald's civil habeas action, as well as documents in his underlying 1999 and 2010 criminal cases out of Illinois and Missouri, respectively.  Documents in this habeas action are referred to simply by citing the appropriate docket number in the court's docket.  Documents from the underlying criminal cases will be cited to "CR" followed by the appropriate case and docket number.

Mr. Donald's § 2241 petition is Docket No. 1.  That document is a "fill-in-the-blank" form.  In the blanks provided for Mr. Donald to explain the substance of his claim(s), Mr. Donald referred the court to his memorandum (Docket 2) at pp. 1-4.

Illinois conviction) and his 2010 federal criminal case (the Missouri conviction).
Id.

Mr. Donald argues that because the BOP has aggregated these two sentences, he has been improperly denied eligibility for the possibility of early release through the Residential Drug Abuse Treatment Program (RDAP) provided for through 18 U.S.C. § 3621(e).  Docket 2, p. 3, ¶ 13.

Respondent now moves to dismiss Mr. Donald's petition, or in the alternative, for summary judgment, arguing Mr. Donald's two sentences were properly aggregated and that it has properly calculated Mr. Donald's sentence. See Docket No. 12.  In support of his motion to dismiss, the respondent has submitted information and documentation in the form of three declarations addressing Mr. Donald's claims, each with attached exhibits.  See declaration of Deborah Colston (Docket 15); declaration of Dr. Erick Henning (Docket 18); declaration of Irena Merk (Docket 19).

This matter was referred to this magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, United States District Judge.

## FACTS

Mr. Donald is currently incarcerated at the Federal Prison Camp in Yankton, South Dakota.  He is serving a 144-month aggregated term of imprisonment related to two judgments of conviction.

In 1999, Mr. Donald was indicted in the United States District Court for the Southern District of Illinois on charges of distribution and possession with

2

intent to distribute cocaine base.  See 3:99CR30193-001 (S.D. Ill).  On March 24, 2000, Mr. Donald was sentenced to 100 months' imprisonment and 4 years of supervised release on this conviction.  On January 5, 2007, Mr. Donald was released from imprisonment via good time conduct and began to serve his 4-year term of supervised release for this conviction.  Colston affidavit, Docket 15, ¶ 5; Docket 15-3.

On April 22, 2010, Mr. Donald was arrested in Missouri for conspiracy to possess with intent to distribute in excess of five kilograms of cocaine and marijuana.  He was held in federal custody until he was sentenced on the Missouri federal indictment (4:10-CR49-CDP (E.D. Mo.).  Mr. Donald was sentenced in the Missouri case on December 22, 2010.  For the Missouri case, Mr. Donald was sentenced to 144 months' imprisonment and 5 years of supervised release.  Colston affidavit, Docket 15, ¶ 6-7; Docket 15-3 & 4.

Also as a result of his arrest and subsequent Missouri drug conviction, on January 11, 2011, Mr. Donald's supervised release from his Illinois conviction was formally revoked via a judgment of conviction for revocation of supervised release in 3:99CR30193-001 (S.D. Ill.).  Colston affidavit, Docket 15, ¶ 9; Docket 15-5. On this revocation, Mr. Donald was ordered to serve 24 months' imprisonment, to be served concurrently with the 144 months' imprisonment he was by then already serving for his Missouri conviction.  Id.

In this pending case, the respondent has submitted the affidavit of Deborah Colston, who is employed by the BOP as a Management Analyst at the Designation and Sentence Computation Center (DSCC) located in Grand

Prairie, Texas.  See Docket 15.  Ms. Colston explains that Mr. Donald's 144-month sentence from the Missouri case and his 24-month sentence from the Illinois supervised release revocation have been aggregated pursuant to 18 U.S.C. § 3584(c) and Program Statement 5880.28, and that as a result, the 24-month sentence has been completely "absorbed" into the 144-month sentence.  Id. at ¶ 16.

Ms. Colston has also explained that, as to his aggregated sentences, Mr. Donald has received credit for the time he spent in federal custody after his arrest on federal drug charges on April 22, 2010, until the date he began to serve his sentence on the Missouri conviction.  Id. at ¶ 19.  Ms. Colston has also explained that, including good time credit, Mr. Donald's current projected release date is October 4, 2020.  Id. at ¶ 20.

Dr. Eric Henning has also submitted a declaration in this matter. Docket 18.  Dr. Henning is a Drug Abuse Program Coordinator at the Federal Prison Camp in Yankton, South Dakota, where Mr. Donald is incarcerated.  Id., ¶1.  Dr. Henning explains there are two separate and distinct eligibility considerations when an inmate applies for RDAP.  Docket 18, ¶ 6.  First, the inmate must be eligible to participate in RDAP, which requires the inmate to have a verifiable substance abuse disorder; sign an agreement acknowledging program responsibility; and be able to complete all three phases of RDAP. Second, if the inmate is eligible to participate in RDAP, the Designation and Sentence Computation Center (DSCC) staff will determine whether the inmate is eligible to receive early release for successful completion of RDAP under

4

18 USC § 3621(e)(2)(B).  Henning affidavit, Docket 18, ¶ 7.  Inmates who do not qualify for early release may nonetheless still participate in the program if they are eligible to do so.  Id.  In other words, denial of early release eligibility does not deny the inmate access to RDAP.  Id.  Dr. Henning explains that Mr. Donald did participate for a time in the RDAP program that Dr. Henning oversaw.  Docket 18, ¶ 8. On March 20, 2017, however, Mr. Donald voluntarily withdrew from the RDAP program.  He declined an invitation to re-join the group on June 7, 2017, and January 9, 2018, when invited to do so by Dr. Henning.  Id. at ¶ 10.

Ms. Irena Merk is a paralegal specialist at the Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas.  Merk affidavit, Docket 19, § 1.  Ms. Merk provided information in her affidavit regarding how Mr. Donald's potential eligibility for early release pursuant to RDAP was determined.

Ms. Merk clarifies she does not address Mr. Donald's eligibility to participate in RDAP, but rather she solely addresses Mr. Donald's potential eligibility for early release for successful completion of RDAP pursuant to 18 USC § 3621(e)(2)(B). Docket 19, ¶ 3.

Ms. Merk explains that as required by 18 U.S.C. § 3584(c), Mr. Donald's sentences for the violation of the conditions of his supervised release in 3:99CR30193-001 (S.D. Ill.) and his new sentence for 4:10-CR49-CDP (E.D. Mo.) were aggregated and treated by the BOP as a single aggregate term of imprisonment.  Merk affidavit, Docket 19, ¶ 8. **Both sentences, therefore,**

**are considered by the BOP to be "current offenses."** Id. (emphasis added).

Therefore, Mr. Donald is currently serving an aggregate 144-month term of

imprisonment for his current convictions. Id.; Docket 19-2.

For inmates who successfully complete RDAP, the institution's Drug

Abuse Program Coordinator (DAPC) conducts a preliminary review to determine

if there are any reasons the inmate is ineligible for early release under

§ 3621(e)(2)(B). If not, the DAPC requests an offense review from the DSCC

Legal Department. Merk affidavit, Docket 19, ¶ 12.

The DSCC completes an offense review in accordance with applicable

federal regulations and Program Statement 5162.05 Categorization of Offenses.

See 28 C.F.R. § 550.55(b)(4)-(6); see also Program Statement 5162.05,

Categorization of Offenses (Docket 19-8). To conduct this review, the DSCC

Legal Department determines whether the inmate is precluded from receiving

early release after reviewing the inmate's DSCC-maintained electronic sentence

computation file, which includes the Judgment and Commitment Order,

Statement of Reasons, Pre-Sentence Investigation Report, and any other

relevant sentencing documentation. Docket 19, ¶ 14. The final decision

regarding early release eligibility under 18 U.S.C. § 3621(e) is then transmitted

back to the requesting DAPC. Id.

More specifically, in evaluating whether an inmate is eligible for early

release under 18 U.S.C. § 3621(e), the DSCC Legal Department engages in a

two-step analysis. The first step of the analysis involves determining whether

any of the inmate's current offenses of conviction preclude early release. The

second step involves evaluating whether any prior offenses preclude early release.  Docket 19, ¶ 15.

For the first step, if a current offense (1) satisfies the criteria in 28 C.F.R. § 550.55(b)(5) and/or 28 C.F.R. § 550.55(b)(6),[2] and (2) is listed in one of the sections of Program Statement 5162.05, then that current offense precludes early release eligibility.  Under § 550.55(b)(5), inmates are precluded from early release eligibility if they have a current felony conviction for:

(i)    An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;

(ii)   An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);

(iii)  An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or

(iv)   An offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors.

Docket 19, ¶ 16.

---

[2] If the review occurred after May 25, 2016, then the inquiry under 28 C.F.R. § 550.55(b)(6) is whether an inmate has been convicted of "an attempt, conspiracy, or solicitation to commit an underlying offense" in 28 C.F.R. § 550.55(b)(5).  However, if review occurred between March 16, 2009, and May 25, 2016, then the inquiry under 28 C.F.R. § 550.55(b)(6) is whether the inmate has been convicted of "an attempt, conspiracy, or other offense which involved an underlying offense" listed in 28  C.F.R. § 550.55(b)(5).  Docket 19, fn. 2.

For the second step, all of the inmate's prior adult felony and misdemeanor convictions that occurred within ten years prior[3] to the date of sentencing for the inmate's current federal offense of conviction are reviewed in order to determine whether any conviction constitutes one of the enumerated offenses listed in 28 C.F.R. § 550.55(b)(4), and/or whether a conviction falls under 28 C.F.R. § 550.55(b)(6) for constituting "an attempt, conspiracy, or solicitation to commit" any offense listed in 28 C.F.R. § 550.55(b)(4).

Under § 550.55(b)(4), inmates are precluded from early release eligibility if they have a prior felony or misdemeanor conviction for:

(i)   Homicide (including deaths caused by recklessness, but not including deaths caused by negligence or justifiable homicide;
(ii)  Forcible rape;
(iii) Robbery;
(iv)  Aggravated assault;
(v)   Arson;
(vi)  Kidnapping; or
(vii) An offense that by its nature or conduct involves sexual abuse offenses committed upon minors;

28 C.F.R. § 550.55(b)(4).  Docket 19, ¶ 17.  These prior offenses have been identified as "precluding prior convictions" for early release because the commission of such offenses rationally reflects the view that such inmates have displayed a readiness to endanger the public.  Id.

Because prior offenses that preclude early release are not listed in Program Statement 5162.05 (as current offenses precluding early release are),

---

[3] If the review occurred between March 16, 2009, and May 25, 2016, then there is no restriction on the period of time prior to an inmate's date of sentencing for his current federal offense of conviction. Docket 19, fn. 3.

the DSCC Legal Department must further analyze whether a specific conviction under the laws of a particular state rises to the level of one of the enumerated offenses listed in 28 C.F.R. § 550.55(b)(4), or is one that constitutes "an attempt, conspiracy, or solicitation to commit any offense listed in 28 C.F.R. § 550.55(b)(4)." Docket 19, ¶ 18.  To assist in this analysis and to ensure uniformity in the process by which different state statutes are evaluated, the BOP uses the Federal Bureau of Investigation's Uniform Crime Reporting ("UCR") Program's database definitions for the offenses listed in § 550.55(b)(4). Docket 19, ¶ 18.

Ms. Merk completed an offense review for Mr. Donald on May 14, 2014. Docket 19, ¶ 19.  Neither of Mr. Donald's current conviction offenses precluded early release under the first step of the early release review process. Id. at ¶ 20. She found that, under the second step of the early release review process, Mr. Donald was precluded from receiving early release pursuant to § 3621(e) because of a prior offense conviction for robbery.  Id. at  ¶¶ 21, 23-24; Docket 19-9.

Ms. Merk gleaned the information regarding Mr. Donald's prior robbery conviction from the Presentence Investigation Report prepared in United States v. Edward Donald, Case No. 3:99-CR30193-001 (S.D. Ill).  Docket 19, ¶ 21. Ms. Merk determined that the robbery occurred in Illinois on October 16, 1996, and Mr. Donald was sentenced for this crime on February 6, 1997.  Id. Ms. Merk determined that elements of robbery under the pertinent Illinois criminal statute matched the UCR's definition of robbery, and therefore, this

offense precluded Mr. Donald from 18 U.S.C. § 3621(e) early release eligibility under 28 C.F.R. § 550.55(b)(4)(iii).  Docket 19, ¶ 24.

On May 26, 2016, a Change Notice was implemented for Program Statement 5331.02, limiting the prior offense review to the 10 years prior to the date of sentencing for the inmate's current commitment.  Docket 19, ¶ 25; Docket 19-7.  The DSCC Legal Department received a request from Mr. Donald's institution of confinement for a re-review of Mr. Donald's eligibility for early release for successful completion of RDAP under the new regulation.  Docket 19, ¶ 26.  On July 26, 2016, Ms. Merk determined Mr. Donald's eligibility was not impacted by the changes made effective on May 26, 2016.  Id.; Docket 19-10.

Ms. Merk explains why the ten year look-back does not impact Mr. Donald's early release eligibility as follows:  Mr. Donald was convicted of robbery on February 6, 1997, about three years before the sentence was imposed in the Illinois case on March 24, 2000 (Case No. 3:99-CR30193-001 (S.D. Ill)).  Therefore, under the ten-year lookback provision of 28 C.F.R. § 550.55(b)(4), Mr. Donald's robbery conviction still precludes him from early release eligibility under 18 U.S.C. § 3621(e)(2)(B) because his state court robbery conviction is within 10 years of his Illinois federal sentence date.  See Merk affidavit, Docket 19, ¶ 28.

Further, because Mr. Donald's sentences have been aggregated as required by 18 U.S.C. § 3584(c), the significant date for eligibility purposes is the original imposition date of Mr. Donald's Illinois conviction (March 24,

10

2000)).  Mr. Donald's supervised release conviction is considered a reinstatement of his sentence for Case No. 3:99-CR30193-001 (S.D. Ill).  The original conviction from which a term of supervised release arises is a "current conviction."  As long as the inmate is still serving a term of supervised release, he is still in service of the original conviction.  Docket 19, ¶ 27.  And again, because Mr. Donald's sentences for the Missouri conviction and the Illinois supervised release conviction were aggregated, both convictions are still considered "current convictions."  Merk affidavit, Docket 19, ¶ 8.

Mr. Donald asserts that he has completely served the 24-month sentence for the supervised release conviction (and therefore for the Illinois case altogether).  The Illinois case, Mr. Donald argues, therefore cannot be a "current conviction" for purposes of determining his eligibility for RDAP early release pursuant to 18 U.S.C. § 3621(e)(2)(B).

## DISCUSSION

### A.    Mr. Donald's Petition is Properly Designated as a Habeas Corpus Petition Pursuant to 28 U.S.C. § 2241

 Mr. Donald does not claim a defect in his underlying conviction.  Instead, he argues the BOP has incorrectly applied 18 U.S.C. § 3584(c) and 18 U.S.C. § 3621(e)(2)(B) and associated regulations, resulting in the wrongful denial of a one-year reduction in his sentence.  Accordingly, he attacks the manner in which his sentence is executed rather than the legality of his conviction.  "[A]n attack on the manner in which a sentence is executed, as distinguished from its legality, may be cognizable in a habeas corpus petition under 28 U.S.C. § 2241."  United States v. Knight, 638 F.2d 46, 47 (8th Cir.

1981).  A "writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."  Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, (1973).   A court may not issue a writ of habeas corpus unless it has jurisdiction over the petitioner's custodian.  Id.

Because he challenges the manner in which his sentence is being carried out, Mr. Donald's petition is properly designated as a § 2241 petition.  Knight, 638 F.2d at 47.  Because he is currently incarcerated at the Yankton Federal Prison Camp within the District of South Dakota, this court has jurisdiction over Mr. Donald's custodian (Hudgins).  Braden, 410 U.S. at 494-95, (1973).

## B.    The Court Construes The Respondent's Motion As A Motion for Summary Judgment

The respondent has moved to dismiss, or alternatively for summary judgment on Mr. Donald's claim.  In support of his motion, the respondent has submitted several affidavits with supporting documents.  The respondent has also submitted a statement of undisputed facts.  Docket 14.

Rule 12(b)(6), requires the court to evaluate the sufficiency of a plaintiff's pleading of a claim in his or her complaint.  See FED. R. CIV. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Courts evaluating a Rule 12(b)(6) motion are not strictly limited to evaluating the complaint, however.  Dittmer Properties, L.P. v. F.D.I.C., 708 F.3d 1011, 1021 (8th Cir. 2013).  They may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose

12

authenticity is unquestioned." Id. (citing Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure § 1357 (3d ed. 2004))).

Rule 56, the rule for summary judgment, allows the court to consider affidavits, documents, deposition transcripts and other items extraneous to the complaint in determining whether to grant the motion. See FED. R. CIV. P. 56. In this district, a summary judgment motion also requires the movant to file, and the nonmovant to respond to, a statement of undisputed material facts. See DSD L.R. 56.1A and B. Here, the respondent filed affidavits which attach as exhibits items which are subject to judicial notice and matters of public record (such as copies of the judgments from Mr. Donald's federal criminal files). But respondent also filed affidavits which attach as exhibits items extraneous to the complaint (such as documents illustrating how the BOP calculated Mr. Donald's aggregated sentence and copies of internal emails confirming Mr. Donald is not eligible for early release under 18 U.S.C. § 3621(e)). Further, the respondent filed a statement of undisputed material facts in support of his motion to dismiss. Mr. Donald has not submitted any response to the respondent's motion. Because the respondent explicitly moved in the alternative for summary judgment and filed a statement of undisputed facts, the court construes the respondent's motion as one for summary judgment.

That Mr. Donald did not file a resistance to the respondent's motion for summary judgment, however, does not automatically entitle the respondent to

a judgment in his favor.  A failure by an opposing party to resist summary

judgment "does not automatically compel resolution of [the motion] in favor of"

the movant.  United States v. One Parcel of Real Property, 27 F.3d 327, 329 n.1

(8th Cir. 1994); Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir.

1997). Federal Rule of Civil Procedure 56(e) allows for the possibility that a

party may fail to resist another party's assertion of fact.  When this happens,

the court must still make a determination as to whether the moving party is

entitled to judgment in their favor on the merits.  One Parcel of Real Property,

27 F.3d at 329 n.1.  See also Fed. R. Civ. P. 56(e)(3) (upon a party's failure to

contest facts asserted by the movant, the district court may grant summary

judgment *if* the facts and the law show that the movant is entitled to judgment

in their favor).

## C.  Summary Judgment Standards

Federal Rule of Civil Procedure 56(a) provides that summary judgment

shall issue in favor of the movant only if there is no genuine dispute as to any

material fact *and* the movant is entitled to judgment as a matter of law.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is

appropriate where the moving party "shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law."

FED. R. CIV. P. 56(a).

The court must view the facts, and inferences from those facts, in the

light most favorable to the nonmoving party.  See Matsushita Elec. Co. v.

Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (citing United States v.

Diebold, Inc., 369 U.S. 654, 655 (1962)); Helton v. Southland Racing Corp.,

600 F.3d 954, 957 (8th Cir. 2010) (per curiam).  Summary judgment will not lie

if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986); Allison v. Flexway Trucking, Inc., 28 F.3d 64, 66 (8th Cir. 1994).

The burden is placed on the moving party to establish both the absence

of any genuine issue of material fact and that the moving party is entitled to

judgment as a matter of law.  FED. R. CIV. P. 56(a).  Once the movant has met

its burden, the nonmoving party may not simply rest on the allegations in the

pleadings, but must set forth specific facts, by affidavit or other evidence,

showing that a genuine issue of material fact exists.  Anderson, 477 U.S. at

256; FED. R. CIV. P. 56(e) (each party must properly support its own assertions

of fact and properly address the opposing party's assertions of fact, as required

by Rule 56(c)).

The underlying substantive law identifies which facts are "material" for

purposes of a motion for summary judgment.  Anderson, 477 U.S. at 248.

"Only disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment.  Factual

disputes that are irrelevant or unnecessary will not be counted." Id. (citing 10A

CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE

AND PROCEDURE § 2725, at 93–95 (3d ed. 1983)).  "[T]he mere existence of *some*

alleged factual dispute between the parties will not defeat an otherwise properly

supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247–48.

Essentially, the availability of summary judgment turns on whether a proper jury question is presented: "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250. These are the principles guiding the court's review of Mr. Donald's claims in this matter.

**D.    Clarification Of Mr. Donald's Argument Regarding Administrative Aggregation of Sentences Under 18 U.S.C. § 3584(c)**

Deborah Colston and Irena Merk have explained that Mr. Donald's supervised release sentence in the Illinois case and his sentence in the Missouri case were aggregated pursuant to 18 U.S.C. § 3584(c). That statute states:

> (c)    Treatment of multiple sentence as an aggregate.—
> Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

The court understands Mr. Donald's claim as follows: Because his Illinois supervised release sentence and his Missouri sentence have been aggregated, Mr. Donald's Illinois conviction is still considered a "current conviction" even though he has completed the 24-month term of imprisonment

imposed for the violation of supervised release connected to the Illinois sentence.[4]

The 1997 state robbery conviction which disqualifies Mr. Donald from RDAP early release (judgment entered on February 6, 1997) occurred within ten years of the date of the *Illinois* conviction (March 24, 2000), but not the *Missouri* conviction (December 22, 2010).  If the Illinois conviction was not deemed a "current conviction" because of aggregation with the Missouri conviction, then, Mr. Donald theorizes he would not be disqualified from early release eligibility under 18 U.S.C. § 3621(e).  This is so because absent aggregation with the Missouri conviction, the BOP would not consider Mr. Donald to still be serving his Illinois conviction.  Mr. Donald therefore argues that the aggregation of his sentences results in the wrongful denial of his early release eligibility.

**E.    Fundamentals of the RDAP Program**

The Residential Drug Abuse Program ("RDAP") was created by the Bureau of Prisons ("BOP") pursuant to Congressional mandate in the Violent Crime Control Law Enforcement Act ("VCCLEA") of 1994.  Congress directed the BOP to "make available appropriate substance abuse treatment for each prisoner the [BOP] determines has a treatable condition of substance addiction

---

[4] In his memorandum, Mr. Donald asserts it is the Illinois conviction itself which is the "precluding offense" preventing his eligibility for early release. Docket 2, p. 3, ¶ 13, 18.  That is not quite accurate.  Instead, as explained herein, Mr. Donald is ineligible for early release under 18 U.S.C. § 3621(e) because the 1997 state robbery conviction occurred within 10 years of the March 24, 2000, Illinois conviction.  Because it has been aggregated with the Missouri conviction pursuant to 18 U.S.C. § 3584(c), the March 24, 2000, Illinois conviction is considered by the BOP to be a "current conviction."

or abuse." 18 U.S.C. § 3621(b).  Associated regulations require the inmate to complete and pass a drug abuse education course.   28 C.F.R. § 550.51.

The BOP must provide residential substance abuse treatment for all eligible prisoners, subject to available funding.  18 U.S.C. § 3621(e)(1).  A prisoner is "eligible" for RDAP if he is "determined by the [BOP] to have a substance abuse problem," and he is "willing to participate in a residential treatment program."  18 U.S.C. § 3621(e)(5)(B)(i) and (ii).  The BOP may, as an incentive for successful completion of RDAP, reduce the inmate's sentence by up to one year.  18 U.S.C. § 3621(e)(2).

> Drug treatment studies for in prison populations find that when programs are well-designed, carefully implemented, and utilize effective practices they:
>
> - Reduce relapse
> - Reduce criminality
> - Reduce recidivism
> - Reduce inmate misconduct
> - Increase the level of the offender's stake in societal norms
> - Increase the levels of education and employment upon return to the community
> - Improve health and mental health symptoms and conditions
> - Improve relationships

See, www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp (last checked August 10, 2018).

The BOP's 2014 Program Directory indicates that for up to three years post release, male participants in RDAP are 16 percent less likely to recidivate

and 15 percent less likely to relapse than similarly situated inmates who do not participate. [5]

## F.    No Constitutional Right To Early Release

It is well established that a convicted person has no general constitutional right to be released before the expiration of his prison term. Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Inmates likewise have no constitutional entitlement to participate in federal rehabilitative programs. Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). It is just as well established that even inmates who are unquestionably qualified to and do participate in RDAP do not have a constitutional right to the early release benefit. Lopez v. Davis, 531 U.S. 230, 241 (2001); Gianni v. BOP, 405 Fed. Appx. 96, 97 (8th Cir. 2010). It follows then that Mr. Donald likewise has no constitutional right to early release—through the RDAP program or otherwise.

## G.    Review of Mr. Donald's Claim is Precluded by 18 U.S.C. § 3625

In Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2011), the Ninth Circuit explained the judicial review provisions of the Administrative Procedure Act do not apply to any determination, decision, or order made pursuant to 18 U.S.C. §§ 3621-3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge

---

[5] See www.bop.gov/inmates/custody_and_care/docs/BOPNationalProgram Catalog.pdf (last checked August 10, 2018).

the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625.[6]  Reeb, 636 F.3d at 1227.  Federal courts, therefore, lack jurisdiction to review the BOP's individualized RDAP determinations made pursuant to 18 U.S.C. § 3621.  Id. at 1228.  Review is available only if the BOP action is contrary to established federal law, violates the Constitution, or exceeds statutory authority.  Id. Accord, Gatewood v. T.C. Outlaw, 560 F.3d 843, 846-47, n. 2 (8th Cir. 2009) ("§ 3625 may well preclude judicial review of BOP decisions applying the final rule and program statement to particular inmates."); Martin v. Gerlinski, 133 F.3d 1076, 1079 (8th Cir. 1998) ("Accordingly it is apparent that § 3625 precludes judicial review of agency adjudicative decisions but not of rulemaking decisions."); LeMaster v. Hollingsworth, 2011 WL 3322227 at *6 (D.S.D.) (If there are no legal errors in BOP decision making process that would justify habeas relief, the Court cannot second guess the ultimate decision made by the BOP).

Mr. Donald does not (and cannot) show the BOP exceeded statutory authority when it excluded him from RDAP eligibility by aggregating his sentences.  Mr. Donald asserts his Illinois sentence should not have been aggregated with his Missouri sentence, rendering the Illinois sentence a "current conviction" for administrative purposes.  This result does not exceed

---

[6]18 U.S.C. § 3625 explains that the provisions of the Administrative Procedure Act (sections 554, 555 and 701-706) "do not apply" to any determination, decision or order under 18 U.S.C. §§ 3621-3625.

statutory authority, but rather is mandated by 18 U.S.C. § 3584.  Mr. Donald's claim is therefore unreviewable by this court pursuant to 18 U.S.C. § 3625.

In his memorandum (Docket 2), Mr. Donald asserts Program Statement 5880.28 does not permit the aggregation of concurrent sentences.  This is simply an incorrect recitation of the content of Program Statement 5880.28.[7]  The Program Statement parrots the plain language of  18 U.S.C. § 3584, cited above, which *requires* aggregation of concurrent sentences.

The first step in determining an agency's interpretation of a statute is to determine "whether Congress has spoken directly to the precise question at issue."  Campbell v. Coakley, 2017 WL 583146 (S.D. W.Va, Jan. 18, 2017) (citing Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984)).  If Congress' intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress."  Chevron, 467 U.S. at 842.  Here, because there is no discrepancy between the Program Statement in which the BOP gives effect to Congressional intent and the statute, "that is the end of the matter . . . ."  Id.  This is not a case, therefore, where the court must decide whether the BOP has correctly interpreted a statute through its implementation of regulations or Program Statements.

Mr. Donald further argues that because he has completed the 24-month sentence for his supervised release revocation in the Illinois case, his

---

[7] See https://www.google.com/search?source=hp&ei=6VBrW9TjMIu18APHy7GgDQ& q=Program+Statement+5880.28&oq=Program+Statement+5880.28&gs_l=psy- at pp. 1-31 through 1-33 (last checked August 10, 2018).

"precluding offense" predates his "current" conviction (which Mr. Donald asserts is solely the Missouri conviction on December 22, 2010) by more than ten years.  In other words, Mr. Donald disputes the BOP's determination that the 1997 state robbery conviction precludes him from eligibility for early release pursuant to 28 C.F.R. § 550.55(b)(4) and 18 U.S.C. § 3621(e)(2)(B). This too, is incorrect.

This is so for two reasons.  First, the 24-month sentence imposed for the supervised release conviction in the Illinois case is not considered a separate sentence from his original sentence which was imposed on March 24, 2000, but instead is a reinstatement of the original term of imprisonment.  Johnson v. United States, 529 U.S. 694, 700 (2000) ("postrevocation sanctions [are] part of the penalty for the initial offense."); United States v. Bennett, 561 F.3d 799, 802 (8th Cir. 2009) ("the revocation of supervised release is a penalty attributable to the original conviction, not a new penalty.") (citing Johnson, 529 U.S. at 700-01).

Second, because the 24-month supervised release sentence on the Illinois conviction was aggregated with the 144-month sentence on the Missouri conviction pursuant to 18 U.S.C. § 3584(c), both convictions are still considered "current" convictions for administrative purposes, even though 24 out of the 144 months of the aggregated sentence have elapsed.  Rankin-El v. Holinka, 2007 WL 495004 at * 4 (D. Minn, Feb. 13, 2007).  The facts in Rankin-El are very similar to Mr. Donald's case.

In Rankin-El, the petitioner, Mr. Rankin-El, brought a § 2241 petition after he was denied the opportunity to have his sentence reduced upon completing the RDAP program. Id. at * 1. In 1998, Mr. Rankin-El was convicted of a federal drug crime in the District of Minnesota. Id. In that case, he received a 96-month sentence. The Minnesota sentence included a two-point enhancement because a weapon was involved in the offense. Id. While serving that sentence, Mr. Rankin-El committed a new federal crime (another drug violation) in Michigan. On December 4, 2003, He received a new 37-month sentence for the Michigan drug offense, to be served consecutively to his first sentence. Id. The BOP determined the two sentences should be aggregated pursuant to 18 U.S.C. § 3584(c), and it treated the two sentences as a single aggregate sentence of 133 months. Id.

Eventually Mr. Rankin-El inquired about RDAP early release under 28 U.S.C. § 3621(e). The BOP denied Mr. Rankin-El early release eligibility, however, because it determined his "current" offense was a felony that involved the carrying, possession, or use of a firearm under 28 U.S.C. § 550.58(a)(1)(vi)(B). Id. at *3.

Mr. Rankin-El did not contest the BOP's discretionary authority to categorically exclude from RDAP early release eligibility certain classes of prisoners, including those who had received sentence enhancements for possessing a weapon. Id. Mr. Rankin-El contended, however, that the weapon enhancement should not apply to him because he was by then no longer serving the sentence that was enhanced for possession of a weapon. Id.

23

According to Mr. Rankin-El, he had already completed the sentence that had been enhanced for possessing the weapon (i.e. the Minnesota 96-month sentence that had been imposed in 1998), and he was presently serving solely the Michigan 37-month sentence that had been imposed in 2003. Id. The Michigan 37-month sentence did not include a weapon enhancement, so, Mr. Rankin-El argued, he should not be precluded from RDAP early release eligibility. Id.

The Rankin-El court explained that the dispositive issue in the case was whether the BOP acted properly by treating Mr. Rankin-El's two most recent federal prison cases (the Minnesota 96-month sentence imposed in 1998 and the Michigan 37-month sentence imposed in 2003) as a single aggregated sentence. Id. at *3. If Mr. Rankin-El's position was accepted, his sentences were "separate and serial" rendering the Minnesota sentence with the weapon enhancement fully served and irrelevant to RDAP early release eligibility. Id. The respondent (Warden Carol Holinka) explained her position, however, as follows:

> [T]o comply with 18 U.S.C. § 3584(c), BOP aggregated petitioner's two most recent federal sentences into one 133-month sentence. Once BOP did this, petitioner's two component sentences, and all their attendant conditions, began to co-exist for the 133-month duration of the aggregated sentence. As a result, petitioner's two-level enhancement for possession of a weapon, though drawn from one of his component sentences, continues to preclude his eligibility for early release. Accordingly, BOP acted within its authority by denying petitioner's request for early release pursuant to 18 U.S.C. § 3621(e)(2)(B).

Id. at *4 (citing the respondent's memorandum, punctuation altered). The court agreed with the respondent's action as described above, describing it as

the "mandate of Congress set forth at § 3584(c)." Rankin-El, 2007 WL 495004 at *4. The court dismissed Mr. Rankin-El's petition with prejudice. Id. See also, Johnson v. Holinka, 2007 WL 1446476 at *4 (D. Minn, May 14, 2007) (§ 2241 petitioner's argument that his firearm offense should not be considered a "current" offense for RDAP early release eligibility rejected because firearm offense sentence had been aggregated with his drug trafficking offense sentence).

In Walters v. Zeigler, 2012 WL 1302636 at *1 (S.D. W.Va, Mar. 9, 2012), the petitioner, Mr. Walters, filed a § 2241 petition arguing he was being improperly denied a sentence reduction pursuant to 18 U.S.C. § 3621. Id. Mr. Walters was federally convicted in June, 2003, for being a felon in possession of a firearm. Id. He was sentenced to 28 months' imprisonment to be followed by 2 years of supervised release. Id. His supervised release began on August 11, 2005. Id. Mr. Walters' supervised release was revoked on January 4, 2008, and the court imposed an additional term of imprisonment of 20 months, to be served consecutively to the term of imprisonment imposed for the new charges Mr. Walters was facing. Id.

On July 30, 2007, Mr. Walters pleaded guilty to new charges of drug trafficking, and on January 10, 2008, he was sentenced to 60 months' imprisonment to be followed by 5 years' supervised release on these new charges. Id.

In April, 2011, Mr. Walters filed his § 2241 petition, alleging the BOP wrongfully denied him RDAP early release eligibility. The basis for his claim

was that the BOP improperly determined he had a "current" conviction for a firearm offense.  Id.  Mr. Walters, on the other hand, asserted his "current" conviction was the drug trafficking conviction.  Id.  Mr. Walters theorized that he had "since served well over the 20 months required for the [supervised release] sentence, and due to the chronological order of the two different consecutive sentences, the only current judicial obligation [he] has is to the current instant offense conviction for [the drug offense.]" Id. at *1.  Mr. Walters further argued he was eligible for RDAP early release eligibility because "a precluding current conviction for [a firearm offense] does not exist."  Id. Finally, he argued the BOP could not aggregate his prior firearm conviction with his current drug conviction pursuant to 18 U.S.C. § 3584(c) "in order to make the prior conviction a current conviction so that program benefits may be denied."  Id.

The court rejected Mr. Walters' claims.  Id. at **6-9.  First, the court noted Mr. Walters' supervised release conviction was not a separate sentence, but merely a reinstatement of his original firearm conviction.  Id. at *6 (citing Johnson, 529 U.S. at 700).  Next, the court determined the firearm conviction was a "current" conviction, because the BOP had properly aggregated the firearm and drug convictions/sentences pursuant to 18 U.S.C. § 3584(c), and the BOP's interpretation of that statute was reasonable and permissible.  Id. (citing Johnson v. Holinka, 2007 WL 1446476 at *4).  The court recommended dismissal of Mr. Walters' § 2241 petition.  Id. at **8-9.  The district court

thereafter adopted this recommendation. <u>Walters v. Zeigler</u>, 2012 WL 1302635 at *1 (S.D. W.Va., Apr. 16, 2012).

In <u>Thelen v. Cross</u>, 2014 WL 51642 at *9 (S.D. Ill., Jan. 7, 2014), the petitioner, Mr. Thelen, argued his concurrent sentences should be de-aggregated to allow him eligibility for early release under RDAP. <u>Id.</u> Mr. Thelen was tried and convicted in the Eastern District of Michigan for (1) possession with intent to distribute cocaine; (2) possession with intent to distribute methamphetamine; and (3) being a felon in possession of a firearm. <u>Id.</u> at *5. On November 24, 1997, he was sentenced to 37 years on the methamphetamine charge, 30 years on the cocaine charge, and 10 years on the gun charge, all to run concurrently. <u>Id.</u>

In 2012, Mr. Thelen filed a petition for habeas corpus under 28 U.S.C. § 2241, arguing the BOP unfairly aggregated his sentences which resulted in his being denied early release eligibility under RDAP. <u>Id.</u> at *1, 4, 9. Mr. Thelen argued he should have been eligible for the RDAP early release "when he completed his ten-year sentence on [the felon in possession] charge in 2007 (thus meaning that is incarceration is no longer for a violent offense)." <u>Id.</u> at *9. The court disagreed, noting Mr. Thelen was "currently serving three concurrent terms of imprisonment . . . The BOP aggregated all Thelen's concurrent convictions pursuant to § 3584(c). Petitioner has offered no plausible reason why the BOP should not follow this directive in his case." <u>Id.</u> The court dismissed Mr. Thelen's § 2241 petition. <u>Id.</u>

In <u>Moreno v. Ives</u>, 2018 WL 3134278 at *1-2 (D. Or., Jun. 6, 2018), the petitioner, Mr. Moreno, challenged the BOP's determination that he was ineligible for early release after successfully completing RDAP pursuant to 18 U.S.C. § 3621(e).  Mr. Moreno insisted that his petition was not subject to dismissal under <u>Reeb</u> because he claimed the BOP exceeded its statutory authority by aggregating his sentences in the manner it did.  <u>Id.</u> at *1.

In <u>Moreno</u>, the petitioner was serving a term of supervised release following a term of imprisonment for being a felon in possession of a firearm when he committed a drug offense.  <u>Id.</u>  He was sentenced to six months' imprisonment for the supervised release violation, and 60 months' imprisonment for the new drug conviction.  <u>Id.</u>  Pursuant to 18 U.S.C. § 3584(c) the BOP aggregated the supervised release sentence and the new conviction sentence, and treated them as a single sentence for administrative purposes.  <u>Id.</u>  As a result, the BOP denied Mr. Moreno early release under under 18 U.S.C. § 3621(e), because the firearm conviction was considered a "current" conviction under 28 C.F.R. § 550.55(b)(5)(ii), rendering Mr. Moreno ineligible for early release.  <u>Id.</u>  Mr. Moreno argued the BOP "exceeded its statutory authority" by interpreting 18 U.S.C. § 3584(c) to require such a result—thereby bringing his case within the exception articulated in <u>Reeb</u>.  <u>Id.</u> at *2.

The court disagreed.

[T]he BOP did not exceed its authority under 18 U.S.C. § 3584(c); it did what the text of that statute unambiguously required by aggregating petitioner's sentences and treating them as a single sentence for administrative purposes.  The BOP interpreted 28

C.F.R. § 550.55(b)(5)(ii) to encompass both convictions underlying
his aggregated sentence.  But that interpretation, like the
promulgation of § 550.55(b)(5)(ii) itself, was an exercise of
discretion under 18 U.S.C. § 3621(e)(2)(B)—an act this court lacks
jurisdiction to review.  Reeb, 636 F.3d at 1228.

Id. at *2.  The district court dismissed Mr. Moreno's § 2241 petition.  Id.

Review of Mr. Donald's claim by this court is available only if the BOP

action is contrary to established federal law, violates the Constitution, or

exceeds statutory authority.  Gatewood 560 F.3d at 846-47, n. 2

("§ 3625 may well preclude judicial review of BOP decisions applying the final

rule and program statement to particular inmates."); LeMaster, 2011 WL

3322227 at *6 (If there are no legal errors in BOP decision making process that

would justify habeas relief, the Court cannot second guess the ultimate

decision made by the BOP).  Mr. Donald has failed to show the BOP exceeded

its statutory authority by aggregating his Illinois and Missouri sentences.  For

this reason, Mr. Donald's § 2241 petition should be dismissed.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing facts, law, and analysis, the court respectfully

RECOMMENDS that Mr. Donald's § 2241 petition [Docket Nos. 1 & 2] be

DISMISSED, with prejudice, and that respondent's motion to dismiss or in the

alternative for summary judgment [Docket 12] be GRANTED.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and

recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1),

unless an extension of time for good cause is obtained.  Failure to file timely

objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 13th day of August, 2018.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge